1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>            Plaintiff,<br><br>    v.<br><br>MO'S TBJ CAMPBELL LP, et al.,<br><br>            Defendants. | Case No.  5:21-cv-01621-EJD<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 19 |

Plaintiff Scott Johnson sues Defendants Mo's TBJ Campbell LP and Hero Adams Inc. for violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51-53.  Compl., Dkt. No. 1. Before the Court is Defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Defs.' Mot. to Dismiss Plf.'s Compl. for Lack of Subject Matter Juris. Pursuant to Fed. R. Civ. P. 12(b)(1) ("Mot."), Dkt. No. 19.  The Court finds the matter suitable for resolution without oral argument.  Civ. L.R. 7-1(b).

Having considered the parties' moving papers, the Court GRANTS Defendants' motion to dismiss.

## I.      BACKGROUND

Johnson is a level C-5 quadriplegic who cannot walk and thus uses a wheelchair for mobility.  Compl. ¶ 1.  Defendants own and operate a restaurant called "Mo's Campbell," located at 278 E. Campbell Avenue, Campbell, California.  *Id.* ¶¶ 2-3.

Johnson visited Defendants' restaurant sometime in November 2020 during the COVID-19

1    pandemic.  *Id.* ¶ 8.  He encountered physical barriers in the form of dining surfaces that were

2    inaccessible to persons using wheelchairs.  *Id.* ¶ 10.  Specifically, the outside dining surface

3    options lacked sufficient knee and toe clearance.  *Id.* ¶ 12.  According to Johnson, "[t]he barriers

4    identified above are easily removed without much difficulty or expense."  *Id.* ¶ 19.

5        Following the initiation of this lawsuit, Defendants sought to cure the alleged deficiencies

6    Johnson identified.  On April 12, 2021, less than a week after the filing of the complaint,

7    Defendants hired Certified Access Specialist Bassam Altwal to conduct an inspection at the

8    restaurant.  Decl. of Bassam Altwal in Supp. of Defs.' Mot. to Dismiss Plf.'s Compl. for Lack of

9    Subject-Matter Juris. Pursuant to Fed. R. Civ. P. 12(b)(1) ("Altwal Decl."), Dkt. No. 19-1 ¶¶ 6, 8.

10    Altwal prepared a report that identified various features of the indoor and outdoor dining tables

11    that did not comply with the 2010 ADA Standards for Accessible Design ("ADAS") and the 2013

12    California Building Code ("CBC").  *Id.* ¶ 8; Decl. of Christopher J. Olson in Supp. of Defs.' Mot.

13    to Dismiss Plf.'s Compl. for Lack of Subject-Matter Juris. Pursuant to Fed. R. Civ. P. 12(b)(1)

14    ("Olson Decl."), Dkt. No. 19-2 ¶ 5.

15        Defendants took steps to remediate the accessible seating barrier within 30 days of service

16    of the complaint.  Olson Decl. ¶ 6.  On May 17, 2021, Defendants notified Johnson that all barriers

17    alleged in the complaint had been removed.  *Id.* ¶ 7.  On June 8, 2021, Altwal re-inspected the

18    restaurant seating.  Altwal Decl. ¶ 9.  He confirmed that the dining surfaces complied with both

19    the ADAS and the CBC based on objective measurements.  *Id.* ¶¶ 10-13.

20    ## II.    LEGAL STANDARD

21        To contest a plaintiff's showing of subject matter jurisdiction, a defendant may file a Rule

22    12(b)(1) motion.  Fed. R. Civ. P. 12(b)(1).  A defendant may challenge jurisdiction "facially" by

23    arguing the complaint "on its face" lacks jurisdiction or "factually" by presenting extrinsic

24    evidence demonstrating the lack of jurisdiction on the facts of the case.  *Wolfe v. Strankman*, 392

25    F.3d 358, 362 (9th Cir. 2004); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.

26    2004).  "In a facial attack, the challenger asserts that the allegations contained in a complaint are

27    insufficient on their face to invoke federal jurisdiction.  By contrast, in a factual attack, the

28    Case No.: 5:21-cv-01621-EJD
ORDER GRANTING MOTION TO DISMISS

United States District Court
Northern District of California

1    challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal

2    jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039.

3    　　　In resolving a factual attack on jurisdiction, the Court may review evidence beyond the

4    complaint without converting the motion to dismiss into a motion for summary judgment.  *Id.*

5    (citing *Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cty.*, 343 F.3d 1036, 1039

6    n.2 (9th Cir. 2003)).  While the Court may consider evidence outside of the pleadings to resolve a

7    "factual" Rule 12(b)(1) motion, "a [j]urisdictional finding of genuinely disputed facts is

8    inappropriate when the jurisdictional issue and substantive issues are so intertwined that the

9    question of jurisdiction is dependent on the resolution of factual issues going to the merits of an

10   action." *Safe Air for Everyone*, 373 F.3d at 1039 n.3 (citing *Sun Valley Gasoline, Inc. v. Ernst

11   Enters., Inc.*, 711 F.2d 138, 140 (9th Cir. 1983)) (internal quotation marks omitted).

## III.　DISCUSSION

13   　　　Defendants argue that (1) Johnson's ADA claim is moot, and (2) the Court should decline

14   supplemental jurisdiction over the Unruh Act claim.  Dkt. No. 19 at 7–8.

### A.　Timeliness

16   　　　As a threshold matter, Johnson claims that Defendants' motion is untimely because any

17   motion asserting a Rule 12(b) defense must be made before filing a responsive pleading, and

18   Defendants have already filed an answer to the complaint.  Plf's Opp'n to Defs.' Mot. to Dismiss

19   the Compl. ("Opp'n"), Dkt. No. 21 at 1.  This argument is entirely meritless, as Rule 12(h)(3)

20   prolongs the deadline for moving to dismiss for lack of subject matter jurisdiction under Rule

21   12(b)(1).  *Wood v. City of San Diego*, 678 F.3d 1075, 1082 (9th Cir. 2012); *see also Henderson ex

22   rel. Henderson v. Shinseki*, 562 U.S. 428, 434–35 (2011) (holding that a party may object to

23   subject matter jurisdiction at any point, even after trial).

### B.　ADA Claim

25   　　　Title III's anti-discrimination provision applies to "any person who owns, leases (or leases

26   to), or operates a place of public accommodation."  42 U.S.C. § 12182(a).  A restaurant qualifies

27   as a place of public accommodation under the ADA.  *Id.* § 12181(7)(B).

28   Case No.: 5:21-cv-01621-EJD
     ORDER GRANTING MOTION TO DISMISS

United States District Court
Northern District of California

1    Defendants bring a factual challenge to the Court's subject matter jurisdiction, arguing that

2    they cannot be liable for a Title III violation because they have remedied all barriers alleged in the

3    complaint.  Mot. at 6–7.  In support of their motion, Defendants rely on the Altwal Declaration

4    and accompanying findings demonstrating that the interior and exterior seating at the restaurant

5    complies with and exceeds the requirements of the ADA and California law.  Altwal Decl. ¶¶ 10-

6    13.  Therefore, Defendants argue, Johnson's claim for injunctive relief under the ADA is moot.

7    Johnson does not offer any contrary evidence, or any other evidence that meets his burden

8    to establish subject matter jurisdiction.  *See St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir.

9    1989); *Savage*, 343 F.3d at 1040 n.2.  Instead, he argues that it is "inappropriate" to dismiss his

10   complaint as moot at this early stage because the jurisdictional facts are intertwined with the

11   substantive merits of the case.  Opp'n at 2–5.  Johnson also contends that dismissal is improper

12   because he has not had the benefit of discovery through a General Order 56 site inspection and a

13   chance to amend the complaint to add additional barriers to the complaint.  *Id.* at 5.  Other courts

14   in this District have considered and rejected identical arguments from Johnson on identical facts,

15   and the Court sees no reason to depart from their analyses.  *Johnson v. DiVitorrio*, No. 21-CV-

16   02026-SVK, 2021 WL 4749414, at *2–3 (N.D. Cal. Oct. 12, 2021); *Johnson v. Opa Campbell LP*,

17   No. 21-cv01619-PJH, 2021 WL 3493712, at *3 (N.D. Cal. Aug. 9, 2021).

18   A claim may become moot if (1) subsequent events have made it absolutely clear that the

19   allegedly wrongful behavior cannot reasonably be expected to recur, and (2) interim relief or

20   events have completely and irrevocably eradicated the effects of the alleged violation.  *Norman-*

21   *Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1274 (9th Cir. 1998) (citing *United States v.*

22   *Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968); *Lindquist v. Idaho State Bd. of*

23   *Corrections*, 776 F.2d 851, 854 (9th Cir. 1985).  Whether a defendant's voluntary cessation of

24   allegedly wrongful conduct moots a case depends on the circumstances of the case.  *See Johnson*

25   *v. Holden*, No. 5:18-cv-01624-EJD, 2020 WL 1288404, at *4 (N.D. Cal. Mar. 18, 2020).  In ADA

26   cases, "where structural modifications are made, then it is absolutely clear the allegedly wrongful

27   behavior could not reasonably be expected to occur in the future since structural modification[s]

28   Case No.: 5:21-cv-01621-EJD
     ORDER GRANTING MOTION TO DISMISS
                                    4

1  undo the offending conduct." *Opa Campbell*, 2021 WL 3493712, at *4 (citation omitted).

2      Here, Defendants acted promptly to effect structural changes to the tables at the restaurant.

3  There is no evidence in the record that Defendants have a history of ADA violations or that they

4  were aware of the barriers prior to this lawsuit.  Accordingly, the Court finds that the voluntary

5  cessation doctrine does not apply here to prevent dismissal as moot.  *Id.*; *DiVitorrio*, 2021 WL

6  4749414, at *3.

7      **C.      Unruh Act Claim**

8      Johnson argues that the Court should retain jurisdiction over his state law Unruh Act claim

9  even if the ADA claim is dismissed as moot.  Opp'n at 10–12.  The Unruh Act claim is based

10 solely on a violation of the ADA; Johnson does not assert an independent Unruh Act violation for

11 "intentional discrimination in public accommodations in violation of the terms of the Act" or

12 "willful, affirmative misconduct."  *See* Compl. ¶¶ 29-33; *Cullen v. Netflix*, 880 F. Supp. 2d 1017,

13 1024 (N.D. Cal. 2012) (citing *Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 668 (2009)).  Because

14 Johnson's ADA claim is moot, his Unruh Act claim is likewise moot.  *Hernandez v. Polanco*

15 *Enters., Inc.*, 19 F. Supp. 3d 918, 926 (N.D. Cal. 2013) ("Where a state-law claim is based entirely

16 on a mooted ADA claim, it follows that the state-law claim is mooted as well."); *see also Kohler*

17 *v. Southland Foods, Inc.*, 459 F. A'ppx 617, 618–19 (9th Cir. 2011) (holding that an Unruh Act

18 claim alone does not independently sustain federal court jurisdiction merely because the Unruh

19 Act incorporates an ADA violation as an element); *Wander*, 304 F.3d at 857 (same).

20     The Court has not considered the merits of the Unruh Act claim, and thus this action is not

21 like the years-long cases Johnson cites in his opposition brief.  The Court finds that the interest of

22 judicial economy is best served by declining to exercise supplemental jurisdiction over Johnson's

23 state law claim.  *See Schneider v. TRW, Inc.*, 938 F.2d 986, 993–94 (9th Cir. 1991); *see also* 28

24 U.S.C. § 1367(c)(3); *Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 936 (9th

25 Cir. 2003), *amended at* 350 F.3d 916 (9th Cir. 2003); *Alakozai v. Valley Credit Union*, No. C10-

26 02454 HRL, 2010 WL 5017173, at *1 (N.D. Cal. Dec. 3, 2010) (dismissing federal claim with

27 leave to amend and declining supplemental jurisdiction over remaining state law claims).

28 Case No.: 5:21-cv-01621-EJD
   ORDER GRANTING MOTION TO DISMISS

United States District Court
Northern District of California

5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## IV.    CONCLUSION

For the foregoing reasons, the Court DISMISSES Johnson's ADA claim as moot.  The Court declines to exercise supplemental jurisdiction over the Unruh Act claim, which is DISMISSED without prejudice.

**IT IS SO ORDERED.**

Dated: October 18, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 5:21-cv-01621-EJD
ORDER GRANTING MOTION TO DISMISS

6